UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| PGI POLYMER, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:15-cv-565 |
| THE FIFTY/FIFTY GROUP, INC. d/b/a LOLA PRODUCTS, | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff PGI Polymer, Inc. ("PGI Polymer"), for its Complaint against Defendant The Fifty/Fifty Group, Inc. d/b/a Lola Products ("Lola"), pursuant to Rules 7 and 8, Federal Rules of Civil Procedure, alleges as follows:

### Nature of the Action

1. This Complaint is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, for violation of the North Carolina Unfair & Deceptive Trade Practices Act, N.C.G.S. § 75-1.1, and for unfair competition and trademark infringement under applicable state law.

### Parties

2. Plaintiff PGI Polymer, Inc., is a Delaware corporation with a principal place of business at 9335 Harris Corners Parkway, Suite 300, Charlotte, NC 28269-3818.

3. Upon information and belief, Defendant The Fifty/Fifty Group, Inc. d/b/a Lola Products is a New Jersey corporation with a principal place of business at 343 S. River St.,

1

Hackensack, NJ 07601. Lola may be served through its registered agent, Edward D. Spitaletta, 343 S. River St., Hackensack, NJ 07601.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction over this action upon the following grounds:

   a. 28 U.S.C. § 1331, this being a civil action arising under the laws of the United States;

   b. 28 U.S.C. § 1337(a), this being a civil action arising under an Act of Congress regulating Commerce;

   c. 28 U.S.C. § 1338(a), this being a civil action arising under the trademark laws of the United States, namely, the Lanham Act, 15 U.S.C. § 1051 *et seq.*;

   d. 28 U.S.C. § 1338(b), this being a civil action asserting a claim of unfair competition joined with a substantial and related claim under the trademark laws;

   e. 28 U.S.C. § 1367(a), this being a civil action including claims that are so related to claims that are within the original jurisdiction of the Court that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court under the provisions of 28 U.S.C. §§ 1391(a), (b), and (c).

**Background Facts Regarding Plaintiff and the Wavy Lines Mark**

6. Since at least as early as March 1942 or prior to the earliest of the use of any "wavy lines" design for non-woven fabrics by the Defendant, Plaintiff and its predecessors-in-interest have used continuously in commerce in this country a trademark for non-woven fabrics consisting of a design made up of wavy lines continuously extending across the entire surface of

the goods, the lines being of a color which is readily discernible against the background upon which the trademark appears (hereinafter, the "Wavy Lines Mark").

7.  The design in its entirety is the essential feature of the mark, no particular color or combination of colors being significant in connection with non-woven textile fabrics.

8.  A specimen of goods bearing the Wavy Lines Mark is depicted below:



9.  Plaintiff has used the Wavy Lines Mark for over seventy years on non-woven fabrics, including reusable wipes, and has invested millions of dollars in creating, maintaining, and promoting the goodwill associated with the Wavy Lines Mark. Plaintiff markets and advertises its non-woven fabrics bearing the Wavy Lines Mark through a variety of channels and means, including direct sales, by regularly exhibiting and offering for sale goods at trade shows attended by members of the textiles industry, such as the National Restaurant Association Trade Show, and through catalogs, brochures, and the Internet.

3

10. The Wavy Lines Mark is favorably recognized and relied upon, such as within the restaurant industry and among the consumer public, as indicating high-quality non-woven fabrics. As a result of Plaintiff's extensive use, advertising, and promotion of the Wavy Lines Mark, the Wavy Lines Mark has attained for Plaintiff substantial goodwill among the purchasing public.

11. Plaintiff and its related companies sell approximately $10 million per year of non-woven fabrics bearing the Wavy Lines Mark.

12. Through Plaintiff's related company, Chicopee, Inc. ("Chicopee"), Plaintiff sells non-woven fabrics bearing the Wavy Lines Mark in a variety of colors, including green-on-white, blue-on-white, red-on-white, and yellow-on-white, for sale to commercial customers. Chicopee sells those goods in product packaging bearing the Chix® trademark. Attached at Exhibit A hereto are depictions of Chix® products bearing the Wavy Lines Mark.

13. Through Chicopee, Plaintiff also sells non-woven fabrics bearing the Wavy Lines Mark in particular shades of blue, for sale to retail customers. Chicopee sells those goods in product packaging bearing the MIRACLOTH trademark. Attached at Exhibit B hereto is a depiction of MIRACLOTH products bearing the Wavy Lines Mark.

14. Plaintiff also regularly sells large quantities of non-woven fabrics bearing the Wavy Lines Mark to third-parties who package, distribute, and sell the goods in conjunction with other marks. Plaintiff has earned significant revenue from this practice.

15. For example, Plaintiff sells non-woven fabrics bearing the Wavy Lines Mark in particular shades of blue to its customer and authorized user, The Clorox Company. Clorox sells those goods in product packaging bearing the Handi Wipes® trademark. Attached at Exhibit C hereto are depictions of Handi Wipes® products bearing the Wavy Lines Mark.

16. In order to strengthen the Wavy Lines Mark, Plaintiff, through its predecessor-in-interest Johnson & Johnson, applied to register the Wavy Lines Mark with the U.S. Patent and Trademark Office (the "PTO") on June 21, 1972. The PTO approved the application and granted to Johnson & Johnson U.S. Reg. No. 1,175,550 for the Wavy Lines Mark on October 27, 1981, which mark and registration ultimately was assigned to Plaintiff (hereinafter, the '550 Registration). Attached at Exhibit D hereto is a true and correct copy of the certificate for the '550 Registration, available at the PTO website.

17. The '550 Registration is live, subsisting, unrevoked, uncanceled, and incontestable, having been registered and used continuously for more than five years, and it constitutes conclusive evidence that the Wavy Lines Mark is registered and valid, and thus entitled to protection, that Plaintiff owns the Wavy Lines Mark, and that Plaintiff has the exclusive right to use the Mark in commerce. Attached at Exhibit E hereto is a true and correct copy of the PTO's acceptance of the Combined Declaration of Use and Incontestability under Sections 8 & 15 for the '550 Registration, available at the PTO website.

18. By virtue of Plaintiff's extensive use and federal registration of the Wavy Lines Mark, the Defendant is and has been on constructive notice, if not actual notice, of Plaintiff's rights in the Wavy Lines Mark since before their adoption and use of infringing "wavy lines" designs for non-woven fabrics.

**Unlawful Acts of the Defendant**

19. Defendant has been using reproductions, counterfeits, copies and colorable imitations of Plaintiff's registered Wavy Lines Mark in North Carolina and elsewhere in this country, in connection with the advertising, marketing, offering for sale, sale, and distribution of

non-woven fabrics bearing a "wavy lines" design and sold under the CLEAN n' WIPE ™ brand, as depicted below (hereinafter, the "Infringing Goods"):



20.     Attached at Exhibit F hereto is a true and correct copy of a web page showing CLEAN n' WIPE ™ brand products available for sale through the Lola website at the <lolacleaning.com> domain and depicting the Infringing Goods, and, on information and belief, which goods have been sold by Defendant within this jurisdiction.

21.     Defendant's use of a "wavy lines" design on the Infringing Goods is a spurious mark that is identical with, or substantially indistinguishable from, Plaintiff's registered Wavy Lines Mark and is done in a manner which is likely to cause confusion, to cause mistake and to deceive consumers and potential consumers and with the intent to infringe Plaintiff's rights.

22.     Based on a comparison of Plaintiff's specimen bearing the registered Wavy Line Mark as set forth in paragraph 8 and Defendant's Infringing Goods bearing a "wavy line" design

as set forth in paragraph 19, the identical nature, or overwhelming similarity, of the goods shows that Defendant has produced counterfeit goods in an apparent attempt to capitalize upon the popularity of, and demand for, Plaintiff's non-woven fabrics bearing the Wavy Lines Mark.

23. Defendant's use of a "wavy lines" design on the Infringing Goods is without license, consent, authorization, or permission from Plaintiff.

24. On information and belief, the significant majority of Defendant's clientele is comprised of retailers and retail consumers. Plaintiff's Wavy Lines Mark also is targeted predominantly to retailers, and ultimately to end-user consumers, such that the Defendant's use in that market channel enhances, rather than detracts, from the likelihood of confusion.

25. By marketing, advertising, offering for sale, selling, and distributing the Infringing Goods, the Defendant intentionally has violated Plaintiff's rights in and to the Wavy Lines Mark and the related registration, and with the knowledge and intention that the use in commerce would cause, and is causing, confusion, mistake, and deception among consumers and potential consumers.

26. Defendant also, in connection with the marketing, advertising, offering for sale, sale, and distribution of the Infringing Goods, has caused, is causing, and is likely to cause confusion and mistake, and has deceived, and is likely to deceive, as to the affiliation, connection, and association of the Defendant with Plaintiff, and as to the origin, sponsorship, and approval of the Defendant's goods.

27. On or about October 29, 2015, Plaintiff sent a cease and desist letter to Defendant, demanding that it cease its infringing activity, and counsel for Defendant confirmed receipt thereof in a responsive letter dated November 16, 2015. True and correct copies of these letters are attached hereto as Exhibit G.

7

### Count I:
### Infringement of Registered Mark, 15 U.S.C. § 1114

28. Plaintiff incorporates by reference paragraphs 1–26 above as if fully set forth herein.

29. The acts of the Defendant complained of herein constitute trademark infringement of a mark registered under the Lanham Act, 15 U.S.C. § 1114.

30. Plaintiff has been damaged by the acts of the Defendant complained of herein.

### Count II:
### Unfair Competition, 15 U.S.C. § 1125(a)(1)(A)

31. Plaintiff incorporates by reference paragraphs 1–26 above as if fully set forth herein.

32. The acts of the Defendant complained of herein constitute unfair competition under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

33. Plaintiff has been damaged by the acts of the Defendant complained of herein.

### Count III:
### Unfair & Deceptive Trade Practices, N.C.G.S. § 75-1.1 *et seq.*

34. Plaintiff incorporates by reference paragraphs 1–26 above as if fully set forth herein.

35. The acts of the Defendant complained of herein constitute unfair methods of competition in or affecting commerce, and unfair and deceptive acts or practices in or affecting commerce, which proximately have caused actual injury to Plaintiff and its business in this State and elsewhere.

36. The acts of the Defendant complained of herein have had the tendency to deceive and mislead consumers and created a likelihood of deception with respect to the Defendant's non-woven fabrics bearing a "wavy lines" design, and were performed willfully, wantonly, with

the intent to harm Plaintiff and its rights in the registered Wavy Lines Mark, and with the intent to compete unfairly with Plaintiff.

37. Plaintiff has been damaged by the acts of the Defendant complained of herein.

## Count IV:
## Common Law Unfair Competition and Trademark Infringement

38. Plaintiff incorporates by reference paragraphs 1–26 above as if fully set forth herein.

39. The acts of the Defendant complained of herein constitute unfair competition and trademark infringement of a mark entitled to protection under common law.

40. Plaintiff has been damaged by the acts of each of the Defendant complained of herein.

## Prayer for Relief

WHEREFORE, Plaintiff requests that the Court:

(a) Permanently enjoin the Defendant from infringing, contributing to the infringement by others, or inducing infringement of Plaintiff's registered Wavy Lines Mark and from making any continued use of a "wavy lines" design on or in conjunction with the sale of non-woven fabrics;

(b) Permanently enjoin the Defendant from unfairly competing, contributing to the unfair competition by others, or inducing unfair competition with Plaintiff;

(c) Award Plaintiff all monetary remedies to which it is entitled under the Lanham Act, the North Carolina Unfair & Deceptive Trade Practices Act, and state law, including, without limitation, any and all profits realized by the Defendant, any and all profits realized by any party with regard to whom the Defendant have contributed to or induced infringement or unfair competition, any damages sustained by Plaintiff, statutory damages to be elected by

Plaintiff, treble, enhanced and punitive damages available under North Carolina and federal law, and Plaintiff's costs and attorney's fees, pursuant to 15 U.S.C. § 1117 and N.C.G.S. 75-1.1 *et seq.*;

      (d)     Order the destruction of Defendant's non-woven fabrics bearing a "wavy lines" design, including the Infringing Goods, and all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant, and all plates, molds, matrices, and other means of making the same, pursuant to 15 U.S.C. § 1118; and

      (e)     For such other and further relief as the Court deems just and reasonable.

**Plaintiff demands a jury trial on all issues so triable.**

Dated: November 19, 2015        s/Jason M. Sneed
        Jason M. Sneed, Esq. (NC Bar No. 29593)

SNEED PLLC
610 Jetton St., Suite 120-107
Davidson, North Carolina 28036
Tel.: 844-763-3347
Email: JSneed@SneedLegal.com

*Attorney for Plaintiff, PGI Polymer, Inc.*